```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
THOMAS BACON,                      :
                                   :
          Petitioner,              :    Civ. No. 21-1116 (NLH)
                                   :
     v.                            :    OPINION
                                   :
STATE OF NEW JERSEY, et al.,       :
                                   :
          Respondents.             :
_____:
```

APPEARANCES:

Thomas Bacon
91231-083
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Thomas Bacon filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a detainer issued by the New Jersey State Parole Board ("NJSPB").  ECF No. 1.  For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

    On December 15, 1999, Petitioner received an 18-year sentence in the Superior Court of New Jersey, Law Division, Hudson County, for robbery and possession of a handgun.  ECF No.

1 at 3.  He was released on parole from Southern State Correctional Facility on September 9, 2013.  Id. at 4.  "Between September 9, 2013 and August 3, 2015, Petitioner was under the custody and control of the New Jersey State Parole Board under a compact pursuant to the Interstate Commission on Adult Probation and Parole to the State of Virginia."  Id.

Around August 3, 2015, Petitioner was arrested in Virginia by the Richmond Police Department.  Id.  Virginia authorities notified NJSPB of the arrest.  Id.  Petitioner posted bond on or about September 11, 2015 and was released.  Id.  He was rearrested by Henrico Police Department on approximately April 19, 2017.  Id.  NJSPB was again notified of the arrest.  Id.  Virginia declined to prosecute Petitioner in July 2017, and Petitioner was taken into federal custody to face charges of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1).  Id.; United States v. Bacon, No. 3:17-cr-00098 (E.D. Va.).  The District Court sentenced Petitioner to a total term of 212 months to be followed by a three-year term of supervised release.  Judgment of Conviction, Bacon, No. 3:17-cr-00098 (E.D. Va. Mar. 20, 2018) (ECF No. 32).  Petitioner is presently detained at FCI Fort Dix, New Jersey.[1]

---

[1] According to the Bureau of Prisons' website, Petitioner's current release date is April 20, 2030.  Inmate Locator, available at https://www.bop.gov/inmateloc/# (last visited June 6, 2022).

2

"[A]fter the United States concluded its prosecution of Petitioner, the State of New Jersey filed Warrant Number B20 25638 and lodged an official detainer with the Federal Bureau of Prisons in order to ensure Petitioner's production to the State of New Jersey upon conclusion of the federal term of imprisonment." ECF No. 1 at 5. Petitioner wrote to the NJSPB "seeking to resolve the charges by entry of a guilty plea and imposition of sentence in absentia." Id. at 6. "On or about July 23, 2020, Carla M. Shabazz, Assistant Chief Revocation Unit, New Jersey State Parole Board responded that no action would be taken on such a request and that the detainer would remain." Id.

Petitioner alleges the detainer violates his due process rights because "the State of New Jersey (i) had primary custody jurisdiction over Petitioner, (ii) was directly notified of Petitioner's arrests, (iii) was directly notified of Petitioner's prosecution in federal court, (iv) failed to seek Petitioner's production into and within the State of New Jersey, and (v) otherwise waived primary custody jurisdiction by failing to demand Petitioner be placed back into the custody of the State of New Jersey in order to properly resolve the parole charges." Id. at 6-7. He asserts the "detainer is preventing Petitioner from accessing numerous Bureau of Prisons programs, including but not limited to, minimum security camp placement,

3

halfway house consideration, First Step Act time credits, Residential Drug Abuse treatment, and other benefits." Id. at 3. "Petitioner seeks a writ of habeas corpus quashing the detainer and prohibiting the State of New Jersey from filing any further detainer." Id. at 2.

## II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

III. ANALYSIS

Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Petitioner is "in custody" pursuant to his New Jersey conviction despite being released on parole because parole imposes restraints on parolees' liberties that are not generally shared by the public. Jones v. Cunningham, 371 U.S. 236, 240-41 (1963). However, § 2241 is not the appropriate statute for Petitioner's challenge to New Jersey's future custody.

"It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). "Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc." McKnight v. United States, 27 F. Supp. 3d 575, 579 (D.N.J. 2014). By contrast, § 2241 "'confers habeas jurisdiction to hear the petition of a federal

5

prisoner who is challenging not the validity but the execution of his sentence,' for instance, by raising claims attacking the Bureau of Prisons ('BOP') calculation of his prison term or designation of his place of confinement if it yields a 'quantum of change' in the level of his custody." Id. (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)).

Although Petitioner alleges the detainer prevents him from accessing BOP programs, see ECF No. 1 at 3, his habeas corpus petition is not challenging any action by the BOP. Instead, he asks the Court to vacate the NJSPB's detainer. This kind of habeas claim must be filed under § 2254. Accordingly, this Court lacks jurisdiction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Petitioner is challenging a New Jersey state order, and the NJSPB would be subject to this Court's jurisdiction in a habeas challenge under § 2254. Although this Court would have jurisdiction under § 2254 to consider Petitioner's challenge, it declines to convert the § 2241 petition into a § 2254 petition at this time. A federal district court may not grant relief from a state court order "unless it appears that the applicant has exhausted the remedies

6

available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Petitioner alleges he wrote to the NJSPB and requested to resolve his charges, but NJSPB "responded that no action would be taken on such a request and that the detainer would remain." ECF No. 1 at 6. He claims to have no other remedies available, but the New Jersey Superior Court, Appellate Division permits appeals as of right "to review final decisions or actions of any state administrative agency or officer . . . ." N.J. Ct. R. 2:2-3(a)(2). The Court will not convert the § 2241 petition into a § 2254 petition as it appears Petitioner has not exhausted all available state court remedies.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for lack of jurisdiction. An appropriate order will be entered.


Dated: June 6, 2022          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.